762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID D. CHANDLER, PLAINTIFF-APPELLANT,
v.
OBERLE-JORDRE CO., INC; INTERNATIONAL BROTHERHOOD OF
BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS,
FORGERS & HELPERS, DEFENDANTS-APPELLEES.
 NO. 83-5396
 United States Court of Appeals, Sixth Circuit.
 4/12/85
 
 ORDER
 BEFORE: JONES and WELLFORD, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the order dismissing, as untimely filed, his action asserting wrongful discharge by his employer and a breach of his Union's duty of fair representation. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was discharged from employment on August 19, 1980. He contacted the Union about filing a grievance, but nothing was done on his behalf. He filed this action on December 23, 1981. The district court, applying the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), held the complaint untimely filed and dismissed the action. This appeal followed.
 
 
 3
 It is now well-settled that the six-month statute of limitations found in Sec. 10(b) is to be applied to actions, such as this one, asserting both wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and a breach of a Union's duty of fair representation. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). In Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), this Court held the DelCostello decision was to be given retroactive effect.
 
 
 4
 The record in the present case leaves no doubt the plaintiff was aware or should have been aware of his cause of action more than six months before he filed his complaint. See Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299 (7th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984). There is no allegation of conduct by the Union which would cause the statute of limitations to be tolled. Therefore,
 
 
 5
 It is ORDERED that the district court's order of May 4, 1983 dismissing the plaintiff's action as untimely filed be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.